header stamp



**U.S. Department of Justice**

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  APR 1 2 2011

LORETTA G. WHYTE
CLERK

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Emily Greenfield*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*500B Poydras Street, Second Floor*
*New Orleans, LA 70130*

*Telephone: (504) 680-3024*
*Fax: (504) 589-3594*

March 23, 2011

Mr. Michael Chalos
Chalos, O'Connor & Duffy
366 Main Street
Port Washington, New York 11050

    Re:    *United States v. Stanships, Inc. (Marshall Islands)*
             *United States v. Stanships, Inc. (New York)*
             *United States v. Standard Shipping, Inc. (Liberia)*
             *United States v. Calmore Management, LTD (Marshall Islands)*

            Criminal No.  *11-057 "J"*

Dear Mr. Chalos:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (1974) and with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this letter confirms the Plea Agreement between your clients, Stanships, Inc. (Marshall Islands), Stanships, Inc. (New York), Standard Shipping, Inc. (Liberia), and Calmore Management, LTD (British Virgin Islands) (hereafter sometimes collectively referred to as "Defendants") and the United States Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section of the United Department of Justice ("the United States" or "the government") in the above-referenced case. The terms of the proposed agreement, which will be submitted to the Court pursuant to a Rule 11(c)(1)(C), are as follows:

      As Defendants' counsel, you have reviewed the terms of this agreement and have been advised by the Defendants that the Defendants fully understand the terms of this agreement. The Defendants waive their right to be indicted before a grand jury and agree to sign a waiver of that right.

      The Government intends to file an eight count Bill of Information charging Defendants Stanships, Inc. (Marshall Islands), Stanships Inc. (New York), Standard Shipping, Inc. (Liberia), and Calmore Management LTD (Marshall Islands) with knowing failures to fully maintain an accurate Oil Record Book for the *M/V Americana*, in violation of the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1908(a), knowing failure to notify the U.S. Coast Guard of a hazardous

Mr. Michael Chalos
March 23, 2011
Page 2

condition, in violation of the Ports and Waterways Safety Act, 33 U.S.C. § 1232(b)(1), and knowing and willful obstruction of justice, in violation of 18 U.S.C. §§ 1505 and 1519. The Defendants understand that the maximum fine for each count is $500,000, or twice the gain or loss resulting from the criminal offense under 18 U.S.C. § 3571 for each count.

Defendants represent that each is authorized to enter into this Plea Agreement and to bind itself and its subsidiaries. At the time of signing this agreement, Defendants shall provide to the United States a sworn statement in the form of legal documents certifying that Defendants are authorized to enter into and comply with all of the provisions of this Plea Agreement. The resolutions further shall certify that each defendant's Board of Directors have authorized these actions, and that all corporate formalities for such authorizations have been observed. The Defendants also agree to file with the Court written approval by each of the Defendants manifesting the intention and agreement of each to be bound by corporate authorization, and that Mr. Paul Sa is a duly authorized corporate representative and that he will appear at the plea and sentencing hearings on behalf of the Defendants. A copy of this written authorization for each defendant shall be attached hereto as Attachment A.

Restitution is mandatory as provided in Title 18, United States Code, Sections 3663 and 3663(A). The parties are not aware of any restitution applicable in this matter stemming from the offenses.

Further, the Defendants understand that a mandatory special assessment fee of $400.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government and the Defendants agree and stipulate to the following plea and sentence applicable to this case:

(1) The Defendants shall plead guilty to the eight count Bill of Information relating to the *M/V Americana* and charging each with violations of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a), violation of the Ports and Waterways Safety Act, 33 U.S.C. § 1232(b)(1), and violation of 18 U.S.C. §§ 1505 and 1519, arising from the acts and omissions of agents and/or employees of the Defendants, acting within the scope of their agency and employment for the benefit of the Defendants, and specifically: (1) knowing failures to maintain an accurate Oil Record Book; (2) knowing failure to report hazardous conditions to the U.S. Coast Guard; (3) obstructing and impeding a Coast Guard port state control inspection; and (4) altering, concealing, covering up and falsifying the Oil Record Book, as more fully set forth in the attached Joint Statement of Facts.

Mr. Michael Chalos
March 23, 2011
Page 3

(2) The Defendants agree that the Joint Statement of Facts which appears as Attachment B to this Agreement is a true and accurate statement of the Defendants' criminal conduct.

(3) The Defendants shall pay a total criminal penalty of one million dollars ($1,000,000), of which the criminal fine will be seven hundred and fifty thousand dollars ($750,000). Defendant further agrees that the special assessments of $3,200, and $250,000 in community service payments shall be paid on the day of sentencing. The remaining $750,000 shall be paid in increments of $150,000 per year starting one year from the date of sentencing and continuing each year for the period of probation, except if the Office of Probation determines that Defendants have an ability to pay on an expedited schedule. Payment of fines shall be made in the form of a check payable to "United States District Court Clerk." Payment of the community service amounts shall be made payable to the National Fish and Wildlife Foundation as set forth in paragraph 4 below. Unless otherwise ordered by the Court, any portion of the criminal fine unpaid on the day of sentencing shall accrue interest at the rate specified in 18 U.S.C. § 3612(f)(2).

The parties stipulate that a significantly greater fine would have been sought by the government in this case based upon the nature of the violations and the fact that defendant Stanships, Inc. (Marshal Islands) was previously involved in criminal conduct in this district. However, the government has agreed to accept a total criminal penalty of one million dollars ($1,000,000) based upon the fact that the Defendants do not have the apparent ability to pay a larger fine and have agreed to be banned from further business in the United States during the period of probation as set forth in paragraph 6 below.

(4) The Defendants shall pay a mandatory special assessment of Four Hundred Dollars ($400.00) for each count of conviction.

(5) The Defendants shall make a community service payment of two hundred and fifty thousand dollars ($250,000), in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. §3553(a). The parties agree that this portion of the community service funds shall be paid to the National Fish and Wildlife Foundation and earmarked for the purpose of funding habitat conservation, protection, restoration and management projects to benefit the marine environment and fish and wildlife resources and the marine habitats on which they depend in the Eastern District of Louisiana. Because the community service payment is designated as community service by an organization, the Defendants agree that they will not seek any reduction in their tax obligations as a result of these payments. In addition, since the payment constitutes community service, the Defendants will

Mr. Michael Chalos
March 23, 2011
Page 4

        not characterize, publicize, or refer to the payment as a voluntary donation or contribution.

(6) The Defendants will be placed on organizational probation for the maximum period of five (5) years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and USSG §§ 8D1.1 and 8D1.2. Defendants agree to abide by the standard conditions of probation as determined by the Court and including no further violations of the law, including strict compliance with MARPOL, the Act to Prevent Pollution from Ships, the Ports and Waterways Safety Act and other applicable maritime and environmental laws. The Defendants further agree to abide by the following special conditions of probation:

    (a) The Defendants shall pay all fines, community service and special assessments as set forth herein.

    (b) The following entities are banned and prohibited from owning, operating, managing, or management of the technical operation of vessels, managing, or chartering vessels in the United States, including the navigable waters, territorial seas, contiguous zone and Exclusive Economic Zone, other than activities related to the sale and delivery of the *M/V Americana, M/V Doric Glory* and *M/V Eleftheria D*: Stanships, Inc. (Marshall Islands), Stanships Inc. (New York), Standard Shipping, Inc. (Liberia), Calmore Management, LTD (Marshall Islands), Alfalfa Shipping, Inc. (British Virgin Islands), and Eleftheria Shipping, Inc. (Marshall Islands).

    (c) Upon their departure from the Eastern District of Louisiana, the following vessels are banned and prohibited from doing further business in the United States, including the navigable waters, territorial seas, contiguous zone and Exclusive Economic Zone: *M/V Americana* (IMO # 7621932), *M/V Doric Glory* (IMO # 7372165) and *M/V Eleftheria* D (IMO # 7617204).

    (d) Paul Sa, the beneficial owner of, and Director of the Defendants, agrees that he will not during the period of probation own, operate any vessel or any company owning, operating or otherwise be involved in the technical operation or management of any vessel doing business in the United States, including the navigable waters, territorial seas, contiguous zone and Exclusive Economic Zone. Mr. Sa agrees that he will limit his involvement in the shipping industry to business solely related to arranging cargo or time chartering vessels operated and owned, operated or managed by others in respect to any vessel doing business in the United States, including the navigable waters, territorial seas, contiguous zone and Exclusive Economic

Mr. Michael Chalos
March 23, 2011
Page 5

        Zone. Mr. Sa further agrees that he shall be personally liable to pay the financial penalties in the manner set forth herein in the event that Defendants fail to timely pay the fine or community service in accordance with the provisions of this agreement.

(e)    The Defendants acknowledge that they are jointly and severally liable for the full amount of the fine, community service and special assessment and that they agree to make full payment of the monetary amounts set forth herein including all special assessments, fines and restitution, and community service, and that they will not seek or cause to be sought a discharge or a finding of dischargeability in bankruptcy as to these monies, subject to any court order to the contrary.

(7)    Defendant Stanships, Inc. (Marshall Islands), the defendant in *United States v. Stanships Inc.*, Criminal Case No. 10-172 "C", and signatory to a Plea Agreement dated June 18, 2010, stipulates and agrees that each of the counts set forth in the Bill of Information involving violations by the *M/V Americana* constitutes a violation of the conditions of probation in Criminal Case No. 10-172. Defendant Stanships, Inc. (Marshall Islands) agrees that it will plead guilty to a violation of probation and agrees that the terms of this Plea Agreement will be imposed as the only sanction in that matter to include the banning of companies, ships and the employment activity of Mr. Sa as set forth above. The parties understand and agree that at the time of the filing of this Plea Agreement in Court, they will submit a joint motion for the revocation of probation and a proposed order banning the following vessels from doing further business in the United States after their departure from the Eastern District of Louisiana: *M/V Americana* (IMO # 7621932), *M/V Doric Glory* (IMO # 7372165) and *M/V Eleftheria* D (IMO # 7617204).

(8)    In exchange for the Defendants' guilty pleas, the United States Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section of the U.S. Department of Justice agree not to criminally prosecute these Defendants in the Eastern District of Louisiana for any environmental offenses related to the *M/V Americana* in addition to those set forth in the Bill of Information and that are known to the Government at the time of the signing of this Agreement, including the activities described herein and more specifically set forth the Joint Statement of Facts to be filed with the Court. The Defendants understand and agree that neither this paragraph nor this Agreement limits the prosecuting authority of any sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply,

including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of the Defendants to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Agreement applies only to crimes committed by the Defendants and has no effect on any proceedings against any others, including the actual or potential criminal liability of any individuals.

(9) The Defendants shall also pay a mandatory special assessment totaling $3,200.00 under the provisions of 18 U.S.C. § 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the Plea Agreement being void.

(10) The Defendants stipulate that $250,000 being held in escrow by Defendants' local counsel of record shall be released to the National Fish and Wildlife Fund as community service payment on the date of sentencing. Failure to perfect the guilty plea set forth herein through sentencing shall result in the forfeiture of funds held in escrow.

(11) The Defendants shall pay the fine amount within the period of probation with interest per the Federal rules pursuant to a schedule to be determined by the United States Probation Office.

(12) The Defendants represent and agree that the vessels *M/V Eleftheria D*, *M/V Doric Glory*, and *M/V Americana* will be sold to unrelated third parties and that the purpose of the sale of the vessels is to satisfy debts owed to third parties, including banks and other creditors, crew members, and to satisfy the judgment in this case and the prior prosecution, *United States v. Stanships, Inc.*, Criminal Case No. 10-172 "C". Upon receipt of any such sale proceeds, the Defendants hereby agree to first pay all wages still due and owing the vessels' crew members. In addition to payment of wages, Defendants agree to repatriate all crew members regardless of whether a crew member is discharged or leaves service of the vessel voluntarily. The Defendants further agree to provide the government with a detailed accounting, prepared by an independent outside accounting firm, regarding the sale and distribution of sale assets. Except for the payment of necessary office costs, expenses and overhead, salaries owed as of the date of sentencing, or the completion of the three aforementioned vessels, whichever occurs last, the Defendants further agree that no money from the sale of assets will be disbursed to the Defendants, its officers, directors or family members, until such time as the fine of $750,000, the community service of $250,000 and $3,200 of special assessments owed under this Plea Agreement has been satisfied in full, except with approval from the Court.

This Agreement shall bind Defendants and all subsidiaries of the Defendants, including all related entities and subsidiaries involved in the ownership, operation or technical operation of vessels, and/or staff vessels, including but not limited to Stanships, Inc. (Marshall Islands), Stanships, Inc. (New York), Standard Shipping, Inc. (Liberia), and Calmore Management, LTD (Marshall Islands), and all successors-in-interest, if applicable, and all successors and assigns. Defendants shall provide to the government immediate notice of the following: any corporate name changes; any purchase or sale of vessels; any purchase, sale or reorganization of ship management companies; or any other change impacting upon or affecting this Agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the responsibilities of the Defendants under this Agreement. Defendants understand and agree that they shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

As part of this Agreement, the Defendants agree that each will provide full and complete cooperation in any further investigation and/or prosecution of individuals in connection with potential violations of MARPOL, the Act to Prevent Pollution from Ships, the Ports and Waterways Safety Act, false statements and related acts of obstruction involving the *M/V Americana* or other vessels associated with the Defendants.

At the time of sentencing the United States will bring to the Court's attention, and the Court will be entitled to consider, all relevant information concerning your client's background, character and conduct. This Agreement does not limit the right of the Defendants or the government to speak at the time of sentencing or in connection with the pre-sentence investigation, consistent with the provisions set forth in this Plea Agreement and the Joint Statement of Facts, to provide the Court or the United States Probation Office with evidence of all relevant conduct committed by the Defendants. The Defendants will not make any contrary public statements regarding this agreement or the attachments hereto. Upon request of the defendant, the government will make known the nature and extent of its cooperation.

The parties have entered into this Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the Plea Agreement, the parties have a right to withdraw the guilty plea.

Except as otherwise provided in this paragraph, the Defendants hereby expressly waive the right to appeal this sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the Defendants, and the Defendants

Mr. Michael Chalos
March 23, 2011
Page 8

further agree not to contest this sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The Defendants, however, reserve the right to appeal any sentence imposed that does not comply with the above stipulated sentence.

The Defendants further waive any right to seek attorney's fees and/or other litigation expense under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the Defendants acknowledge that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

This Plea Agreement is predicated upon the fact that the Defendants agree to submit to interviews at reasonably agreed upon times whenever requested by law enforcement authorities. The Defendants understand each must be completely truthful. The Defendants also agree to appear before any Grand Jury or trial jury and to testify truthfully. The Defendants understand if each is not truthful, this agreement will be null and void and the Defendants may be prosecuted for perjury or making false statements. The Defendants agree neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The Defendants further agree to immediately advise the Government as to any person the Defendants believe to be violating the law and each agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

Defendants agree that they will fully cooperate in providing any and all financial information and documentation to the government and to the Court, and agree to voluntarily execute a complete and thorough Financial Statement, and provide requested financial information provided to the United States Probation Officer in connection with its Pre-sentence Investigation Report.

The Defendants understand and agree that in the event they violate the Plea Agreement (or withdraw their decision to plead guilty except for the right to withdraw should the Court reject the terms herein), any statements made by them to law enforcement agents before or after the execution of the Plea Agreement, including the admitted factual basis, any re-arraignment colloquies in connection with this case, any testimony given by them before a grand jury or any tribunal, any leads from such statements, testimony or colloquies shall be admissible for all purposes, including but not limited to the government's case-in-chief, against them in any and all criminal proceedings.

Further, the Defendants understand that any discussions with the Defendants' attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not

Mr. Michael Chalos
March 23, 2011
Page 9

bound by those discussions. The Defendants understand that the sentencing guidelines are advisory and not mandatory for sentencing purposes. Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of corporate defendants, must be considered by the Court, except that pursuant to USSG §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines which pertain to the sentencing of organizations do not determine the fine range in cases involving environmental crimes, including the making of false statements, the use of false writings or efforts to obstruct justice in order to conceal environmental crimes.

The Defendants understand that the statements set forth above and the Joint Statement of Facts to be filed in the record represent the Defendants' entire agreement with the Government and that there are no other agreements, letters of notations that will affect this agreement.

Very truly yours,

IGNACIA S. MORENO
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division
U.S. Department of Justice

JIM LETTEN
UNITED STATES ATTORNEY

_____ 3/29/11
RICHARD UDELL                Date
Senior Trial Attorney
Environmental Crimes Section

_____ 3/29/11
DOROTHY MANNING TAYLOR    Date
Assistant United States Attorney

_____ 3/29/11
EMILY K. GREENFIELD          Date
Assistant United States Attorney

As an authorized representative of defendants Stanships, Inc. (Marshall Islands), Stanships, Inc. (New York), Standard Shipping, Inc. (Liberia), Calmore Management, LTD (Marshall Islands),

Mr. Michael Chalos
March 23, 2011
Page 10

Alfalfa Shipping, Inc. (British Virgin Islands), and Eleftheria Shipping, Inc. (Marshall Islands), I have read this Agreement and carefully discussed every part of it with criminal defense counsel representing these entities. I understand the terms of this Agreement, including the banning of companies, and ships and voluntarily agree to these terms. I further affirm that I am authorized to bind each of these companies. Counsel has advised me of the rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this Agreement. No promises or inducements have been made to the defendants or to me other than those contained in this Agreement. No one has threatened or forced the defendants or me in any way to enter into this Agreement.

_____    Mar 25, 2011
Authorized Representative     Date
Stanships, Inc. (Marshall Islands)
Stanships, Inc. (New York)
Standard Shipping, Inc. (Liberia)
Calmore Management, LTD (Marshall Islands)
Alfalfa Shipping, Inc. (British Virgin Islands)
Eleftheria Shipping, Inc. (Marshall Islands)

I have reviewed the terms of this agreement and voluntarily agree to the ban of the companies above and myself personally during the period of probation as set forth herein. Furthermore, should the Defendants fail to timely pay the fine, community service and special assessments outlined in this agreement, I agree to be personally bound for the payment of all unpaid amounts due.

_____    Mar. 25, 2011
Paul Sa                       Date
Individually and guarantor

Mr. Michael Chalos
March 23, 2011
Page 11

      I am counsel for defendants Stanships, Inc. (Marshall Islands), Stanships, Inc. (New York), Standard Shipping, Inc. (Liberia), and Calmore Management, LTD (Marshall Islands). I have carefully discussed every part of this Agreement with the authorized representatives of the Defendants. Further, I have fully advised the authorized representative of the Defendants of their rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, the decision of these companies and of Mr. Sa to enter into this Agreement is an informed and voluntary one.

_____  3/25/2011
Michael G. Chalos                                    Date
Defense Counsel